JOHN B. ALLEN, Executor and Trustee, *vs.* JOHN J. ARNOLD, *et al.*

One who is a creditor and stockholder of a corporation which is subject to the provisions of Pub. Stat. R. I. cap. 155, cannot maintain a bill in equity against the other stockholders either to enforce their statutory liability or for contribution, until he has exhausted his remedy at law by obtaining a judgment against the corporation and having an execution returned unsatisfied.

BILL IN EQUITY to enforce stockholders' liability for contribution under Pub. Stat. R. I. cap. 155, "Of Manufacturing Corporations." On demurrer.

As appears by the bill the complainant is executor and trustee under the will of Enos Lapham, late of Warwick, deceased, who, at the time of his death, was a stockholder in the Warwick and Coventry Water Company and also a creditor of the company. The respondents are stockholders in the company who have not paid their subscriptions to the capital stock.

*February* 23, 1895. PER CURIAM. Assuming that the provisions of Pub. Stat. R. I. cap. 155, "Of Manufacturing Corporations," to which, by its charter, the Warwick and Coventry Water Company is made subject, are applicable to that company which has no manufactory established either within or without this State, we do not think that the complainant is entitled to maintain his bill against the stockholders of that company, either to enforce their statutory liability or for contribution on the ground that they have not paid in full their subscriptions to the capital stock, until he has first exhausted his remedy against the company by obtaining a judgment at law against it and having the execution on that judgment returned unsatisfied, the reason being that the primary liability is that of the corporation, that of the stockholders being merely secondary. 1 Cook on Stock and Stockholders and Corporation Law, 3d ed. §§ 199, 200, 219, and notes.

Demurrer sustained.

*Benjamin N. Lapham & Arnold Green,* for complainant.
*James Tillinghast & John J. Arnold,* for respondents.